# Exhibit A




# Sumter County
# Third Judicial Circuit
# Public Index



Sumter County Home Page South Carolina Judicial Department Home Page SC.GOV Home Page

## Henry Dinkins Jr. , plaintiff, et al VS Ssc Sumter East Operating Company, Llc , defendant, et al

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 2021CP4300484 | Court Agency: | Common Pleas | Filed Date: | 03/23/2021 |
| Case Type: | Common Pleas | Case Sub Type: | Medical Malpract 220 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

Case Parties Judgments Tax Map Information Associated Cases Actions Financials

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Dinkins, Henry Jr. | ADR/Alternative Dispute Resolution (Workflow) | Action | | 10/19/2021-11:52 | | |
| Dinkins, Henry Jr. | NEF(04-20-2021 09:54:20 AM) Service/Certificate Of Servi... | Filing | | 04/20/2021-10:03 | | |
| Dinkins, Henry Jr. | Service/Certificate Of Service Certified Mail on Ssc Sumter | Filing | | 04/20/2021-09:54 | | |
| Dinkins, Henry Jr. | Summons & Complaint | Filing | | 03/23/2021-11:52 | | |

CMSWeb 6.1 © 2019 South Carolina Judicial Branch • All rights reserved

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | C/A No. |
| Henry Dinkins, Jr. as Personal Representative of the Estate of Susie Leake, Plaintiff, | ) | **SUMMONS (Jury Trial Demanded)** |
| Versus | ) | |
| SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, and Millicent Morley, Defendants. | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to the said Complaint to said Plaintiff's attorneys D. Nathan Hughey, A. Stuart Hudson and Bradley H. Banyas, at their office located at 1311 Chuck Dawley Blvd, Suite 201, Post Office Box 348, Mt. Pleasant, South Carolina 29465-0348, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

**HUGHEY LAW FIRM, LLC**

s/ D. Nathan Hughey
D. Nathan Hughey (SC Bar #68409)
A. Stuart Hudson (SC Bar #71691)
Bradley H. Banyas (SC Bar #101668)
Post Office Box 348
Mount Pleasant, South Carolina 29465
T: (843) 881-8644
F: (888) 884-8311
nate@hugheylawfirm.com
stuart@hugheylawfirm.com
brad@hugheylawfirm.com

Attorneys for Plaintiff

March 23, 2021
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | C/A No. |
| Henry Dinkins, Jr. as Personal Representative of the Estate of Susie Leake, | ) | |
| Plaintiff, | ) | **COMPLAINT** **(Jury Trial Demanded)** |
| Versus | ) | |
| SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, and Millicent Morley, | ) | |
| Defendants. | ) | |

The Plaintiff, Henry Dinkins, Jr. as Personal Representative of the Estate of Susie Leake, complaining of the Defendants, SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, and Millicent Morley ("Defendants"), alleges as follows:

1. The Plaintiff is a citizen and resident of Sumter County, South Carolina.

2. Upon information and belief, the Defendant, SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, is a business corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in Sumter County, South Carolina at 880 Carolina Avenue, Sumter, South Carolina.

3. Upon information and belief, the Defendant, Millicent Morley, is a citizen and resident of Sumter County, South Carolina and is the administrator of Sumter East Health and Rehabilitation Center.

4. The Defendants had the right and/or power to direct and control its employees and/or agents in the business of delivering care for a fee through skilled nursing facilities and they are personally, jointly and severally liable for the acts and omissions committed.

5. The Defendants delivered care for a fee and had authority, express or implied, to control the means and agents employed to execute care at the Defendants' facilities at all times during the residency of Susie Leake.

6. Attached as Exhibit A is an expert affidavit specifying at least one negligent act.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

7. This Court has personal and subject matter jurisdiction over this case and venue is proper in this Court.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

8. The Plaintiff is informed and believes that at all times material to this Complaint the Defendants' employees and/or agents were acting on behalf of or, in place of the Defendants in making decisions regarding the care of Susie Leake. Additionally, the Plaintiff is informed and believes that at all times material to this Complaint that all of the employees of the Defendants were acting within the course and scope of their employment in regard to their care and treatment of Susie Leake.

9. On the application for the license in effect at the time of Susie Leake's injury, Sumter East Health and Rehabilitation Center, being sworn under oath, acknowledged that it was required to comply with the standards set forth in South Carolina Regulation 61-17 and further that understood in order to maintain a license to operate, it was required to comply with applicable State, Federal, and local laws, codes, and regulations applicable to the facility prior to Susie Leake's injury.

10. The State of South Carolina required that Sumter East Health and Rehabilitation Center have policies and procedures that accurately reflected actual practice regarding care, treatment, procedures, and services - including nursing services, the operation of the facility, and how Sumter East Health and Rehabilitation Center was going to meet the specialized needs of the residents with Alzheimer's disease and/or related dementia such as Susie Leake - and the State of South Carolina required that Sumter East Health and Rehabilitation Center make the policies and procedures available be accessible to staff. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

11. The State of South Carolina required that Sumter East Health and Rehabilitation Center have a documented regimen of appropriate care, treatment, services or written action plan prepared by the facility for Susie Leake, based on assessment data, e.g., social services, which was to be implemented for the

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

benefit of Susie Leake as well as other residents. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

12. The State of South Carolina required that Sumter East Health and Rehabilitation Center keep a record of each incident involving residents or staff members or volunteers, occurring in the facility or on the facility grounds, and directed that it was required to be reviewed, investigated if necessary, evaluated in accordance with facility policies and procedures. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

13. Susie Leake's injuries constituted reportable incidents.

14. The State of South Carolina required that Sumter East Health and Rehabilitation Center keep a legible and complete medical record, to include and any all incidents involving Susie Leake as well as other residents. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

15. The State of South Carolina required Sumter East Health and Rehabilitation Center to describe in its care plan for Susie Leake as well as other residents the services that Sumter East Health and Rehabilitation Center was going to furnish to her, *i.e.*, what assistance Sumter East Health and Rehabilitation Center was going to provide to her, how much assistance Sumter East Health and Rehabilitation Center was going to provide to her, who at Sumter East Health and Rehabilitation Center was going to provide the assistance, how often, and when. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

perjury.

16. The State of South Carolina required that Sumter East Health and Rehabilitation Center to administer treatment and services to Susie Leake as well as other residents in a caring and humane manner, *effectively* and *safely*, and staff were required to respond to a signal system call from a resident to provide care or assistance in a prompt manner. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

17. The State of South Carolina required Sumter East Health and Rehabilitation Center to provide appropriate staff members in numbers and training to perform those duties that result in compliance with 61-17, to suit the needs and condition of the residents, and to meet the demands of effective emergency on-site action that might arise, and to provide training and qualifications for the tasks performed in compliance with all State, Federal, and local laws, and current professional organizational standards. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

18. The State of South Carolina required Sumter East Health and Rehabilitation Center to ensure that staff members Direct care staff members, in addition to meal service staff have at least the following qualifications: ability to render care and services to residents in an understanding and gentle manner; sufficient education to be able to perform their duties and have a working knowledge of regulations applicable to their scope of work. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

19. The State of South Carolina required Sumter East Health and Rehabilitation Center to have direct care staff adequate in number and skill in the facility at all times to provide nursing and related

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

care and services to attain or maintain the highest practicable physical, mental, and psychosocial health and safety of each resident, as determined by resident assessments and ICPs and that direct care staff be assigned only duties for which they are trained. Further, the State of South Carolina required Sumter East Health and Rehabilitation Center to have licensed nurse staff members currently and continuously licensed to practice nursing in South Carolina during the period they are staff members, and that only individuals appropriately licensed may perform duties requiring a registered or licensed practical nurse. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

20. The State of South Carolina required Sumter East Health and Rehabilitation Center to have an adequate number of licensed nurses be on duty to meet the total nursing needs of residents. Licensed nursing staff were required to be assigned to duties consistent with their scope of practice as determined through their licensure and educational preparation. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

21. The State of South Carolina required Sumter East Health and Rehabilitation Center to ensure staff members were provided the necessary training to perform the duties for which they were responsible and that, before performing any duties, all newly-hired staff members were to be oriented to the facility organization and physical plant, specific duties and responsibilities of staff members, and residents' needs. All staff members were to be instructed in the provisions of S.C. Code Ann. Section 43-35-5 *et seq.* (1976, as amended), "Omnibus Adult Protection Act" and S.C. Code Ann. Section 44-81-10 *et seq.* (1976, as amended), "Bill of Rights for Residents of Long-Term Care Facilities" as well as other rights and assurances as required in 61-17. Sumter East Health and Rehabilitation Center acknowledged

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

22. The State of South Carolina required Sumter East Health and Rehabilitation Center to ensure all staff were provided inservice training programs that identify training needs related to problems, needs, care of residents and infection control and were sufficient to assure staff's continuing competency. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

23. The State of South Carolina required Sumter East Health and Rehabilitation Center to acknowledge its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

24. The State of South Carolina required Sumter East Health and Rehabilitation Center to ensure all entries in the resident record were legible and complete, and separately authenticated and dated promptly by the individual, identified by name and discipline, responsible for providing or evaluating the service or care furnished. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

25. The State of South Carolina required Sumter East Health and Rehabilitation Center to admit only individuals identified as appropriate for the level of care, services, or assistance offered. The facility was required to establish admission criteria that are consistently applied and comply with State, Federal, and local laws and regulations, and permitted to admit and retain only those individuals whose needs could be met by the accommodations and services for which the facility is licensed. Anyone who had a need for medical care for acute illness or injury that was beyond the scope of the facility to provide, and where hospitalization was consistent with the individual's condition was not permitted to be retained as a

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

resident. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

26. The State of South Carolina required Sumter East Health and Rehabilitation Center to have practices that promote conditions that prevent the spread of infectious, contagious, or communicable diseases and provide for the proper disposal of toxic and hazardous substances. These preventive measures and practices were required to be in compliance with applicable regulations and guidelines of the Occupational Safety and Health Administration, *e.g.*, the Bloodborne Pathogens Standard; the Centers for Disease Control and Prevention, *e.g.*, Immunization of Health-Care Workers: Recommendations of the Advisory Committee on Immunization Practices and the Hospital Infection Control Practices Advisory Committee; the Department's South Carolina Guidelines For Prevention and Control of Antibiotic Resistant Organisms in Health Care Settings, and R.61-105; and other applicable State, Federal and local laws and regulations. The State of South Carolina required Sumter East Health and Rehabilitation Center to have an infection control/QI committee that meets at least annually to address infection control issues consisting of the medical director and representatives from at least administration, nursing, dietary, and housekeeping staff to assure compliance with 61-17 regarding infection control. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

27. The State of South Carolina required Sumter East Health and Rehabilitation Center to have a written, implemented quality improvement program that provided effective self-assessment and implementation of changes designed to improve the care, treatment and services provided by the facility. Sumter East Health and Rehabilitation Center acknowledged its awareness of this requirement as a condition precedent to having a license to operate a nursing home in South Carolina via signing its application for the same under oath subject to penalty of perjury.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

28. Susie Leake was admitted to the Defendants' facility, Sumter East Health and Rehabilitation Center, on or about January 12, 2018.

29. On or about January 20, 2018, Ms. Leake was allowed to suffer a fall which resulted in injuries, including but not limited to a fractured fibula.

30. Upon information and belief, the Defendants were licensed under the laws of the State of South Carolina and were required to provide reasonable and prudent nursing home care to Susie Leake.

31. The Defendants had an obligation to employ nursing assistants, nurses and orderlies who were qualified to render reasonable care to a patient in the condition of Susie Leake and in accordance with federal and state regulations as well as the representations made by the Defendants.

32. Additionally, pursuant to South Carolina law, the Defendants had a duty to ensure that care/services were rendered effectively and safely and precautions taken for residents with special conditions, e.g., Alzheimer's disease and/or related dementia, etc. and to provide appropriate assistance in activities of daily living were required to be provided to residents, as needed.

33. Furthermore, without limitation, the Defendants had a duty to comply with all current federal, state, and local laws and regulations concerning resident care, resident rights and protections, and privacy and disclosure requirements, e.g., Section 44-81-10, et seq., of the S.C. Code of Laws, 1976, as amended, Resident's Bill of Rights, Alzheimer's Special Care Disclosure Act, and the Omnibus Adult Protection Act notice, Section 43-35-5, et seq. as well as all local, state, and federal laws and current professional organizational standards.

34. Upon information and belief, the Defendants failed to assign sufficient and qualified staff to ensure that all necessary care was delivered to Susie Leake.

35. Upon information and belief, the Defendants failed to ensure that the proper treatment and standard of care was delivered to Susie Leake.

36. Upon information and belief, the Defendants failed to properly train, monitor and supervise the staff necessary to provide a reasonably prudent standard of care to Susie Leake.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

## FOR A FIRST CAUSE OF ACTION
**(Negligence)**

37. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph and in their entirety.

38. The Defendants undertook the duty to render nursing home care to Susie Leake in accordance with the prevailing and acceptable professional standards of care for nursing homes and their employees and agents in the national community and as further required by the state and federal laws applicable to the same.

39. Notwithstanding undertaking that duty and while Susie Leake was under the care of the Defendants, the Defendants departed from prevailing and acceptable professional standards of care and treatment of Susie Leake and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Susie Leake, and they are liable for one or more of the following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

a. In failing to comply with those provisions of 61-17 recited above and to which the Defendants' swore under oath subject to penalty of perjury that they would comply;

b. In failing to properly monitor the resident's physical well-being while residing at the Defendants' facility;

c. In failing to properly supervise the personnel and staff and employees at the Defendants' facility with regard to Susie Leake's care;

d. In failing to properly revise and modify plans of care for Susie Leake in response to Susie Leake's needs;

e. In failing to properly utilize equipment, including medications and devices to prevent and to minimize or reduce injuries resulting from improper care;

f. In violating state and/or federal regulations requiring actions to protect the safety and health of Susie Leake, so as to constitute negligence per se;

g. In failing to ensure that the Defendants' personnel and employees had sufficient, adequate and current training, credentials and skills to properly prevent Susie Leake from suffering from injury and pain;

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

h. In failing to have in place proper and adequate policies, procedures, protocols, rules and regulations for the care and treatment of fall prevention issues at the Defendants' facility, or if such policies, procedures, protocols, rules and regulations were in place, in failing to enforce them;

i. In failing to properly and adequately assess, monitor and update policies, procedures, protocols, rules and regulations in response to knowledge garnered from published guidelines and case reviews relating to proper fall prevention;

j. In failing to ensure that manuals, instructions and warnings relating to appropriate fall prevention procedures were available to agents, servants and employees of the Defendants;

k. In failing to properly train and educate its employees or, if properly trained and educated, in failing to allow its employees to exercise independent skill and judgment;

l. In failing to ensure that Susie Leake had proper care;

m. In failing to properly document significant clinical findings;

n. In failing to properly document the medical records of Susie Leake;

o. In failing to follow and ensure that its employees follow the South Carolina Residence Bill of Rights for Long Term Care Facilities, South Carolina Department of Health and Environmental Control Regulation 61-17;

p. In failure to provide sufficient number of personnel to meet the needs of residents;

q. In failure to ensure that a resident maintains acceptable parameters of nutritional status, such as body weight and protein levels, unless the resident's clinical conditions demonstrates that this is not possible;

r. In failing to ensure that all alleged violations involving mistreatment, neglect, or abuse, including injuries of unknown source are reported immediately to the administrator of the facility and to other officials in accordance with State Law through established procedures (including to the State survey and certification agency);

s. In failing to conduct assessments promptly after a significant change in the resident's physical or mental condition;

t. In failing to conduct assessments promptly after a significant change in the resident's physical or mental condition;

u. In failing to notify family members or authorities after incidents;

v. In failing to transfer Susie Leake to a higher level of care as needed, and

w. In such other particulars as may be ascertained through discovery or shown at trial.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

40. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by the Defendants and their agents, servants and/or employees, Susie Leake suffered from severe debilitating injuries which resulted in permanent decline, as a result of which Susie Leake has suffered severe and extreme emotional distress, anxiety, physical injuries, medical bills, the likes of which no person should endure, for which Susie Leake is entitled to recover in an amount to be determined by a jury at the trial of this action.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence per se)**

41. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in their entirety.

42. The Defendants are a long term health care providers who have a duty to abide by certain federal and state regulations in the care and treatment of their residents.

43. The federal and state regulations combine to form minimum standards of care which the Defendants must meet and exceed in order to ensure proper treatment of patients, including, specifically, Susie Leake.

44. The Defendants failed to abide by the standards, rule and regulations promulgated by the United States Government and the State of South Carolina in their treatment and care of Susie Leake.

45. The standards, rule and regulations promulgated by the United States Government and the State of South Carolina were specifically enacted for the benefit of the class of persons for which Susie Leake was a member.

46. As a direct and proximate result of the Defendants' negligence, recklessness, willfulness and wantonness in failing to abide by the standards of care, rules and regulations standards, rule and regulations promulgated by the United States Government and the State of South Carolina, Susie Leake suffered severe injuries as described above, constituting negligence per se.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

**FOR A THIRD CAUSE OF ACTION**
**(Fraud and Misrepresentation)**

47. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

48. The Defendants, through deception, artifice, and circumvention, successfully defrauded Plaintiff, who trustingly submitted to care at the Defendants' facilities on the basis of explicit and implicit representations:

a. That the Defendants would comply on a continuing basis with those licensure requirements, regulations, laws and professional standards designed to assure the Plaintiff received safe and adequate care;

b. That the Defendants would adequately staff the skilled nursing facility and she would enjoy confident and adequately trained employees;

c. That the Defendants would provide high quality professional care and would accurately and truthfully document the condition of the Plaintiff and the care rendered to her;

d. Such other misrepresentations as may are set forth above in this Complaint or as may later be set forth;

49. At the time of the Plaintiff's admission to care, the Defendants promoted and disseminated the above representations and information which would lead the Plaintiff, her family, and other similarly situated consumers to believe the above representations were true.

50. The Defendants purposefully disseminated such representations and promotions in order to induce the Plaintiff, her family, and others like them into placing themselves or their relatives in the exclusive control and custody of the Defendants, and once there, allowing such persons to remain.

51. The Defendants fraudulently concealed its inability to care for the Plaintiff according to acceptable standards required by law and represented by the Defendants, and the representations made were false.

52. The representations made and concealments done by the Defendants were material to the Plaintiff and her family.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

53. At the time the Defendants made such representations, they knew such affirmative claims of service were false.

54. The Plaintiff and her family were unaware of the falsity of the representations made by the Defendants.

55. The Plaintiff and her family had a right to rely on the representations and concealments made by the Defendants.

56. As a result of the Defendants' fraud, misrepresentations and concealments, the Plaintiff subsequently suffered damages and injuries while a patient/resident at the Defendants' facilities.

57. As a proximate cause of the Defendants' fraud and misrepresentation, the Plaintiff suffered physical injuries, pain and suffering as previously alleged.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of the South Carolina Unfair Trade Practices Act)**

58. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

59. The Plaintiff and Defendants are "persons" within the meaning of Section 39-5-10(a), Code of Laws of South Carolina, 1976, as amended.

60. The Defendants, by conducting business in the state of South Carolina, are engaged in commerce within the meaning of Code Section 39-5-10(b).

61. The Defendants' actions described in this Complaint constitute unfair and deceptive practices within the meaning of Code Section 39-5-20(a), including but not limited to:

a. Representing to the general public and to the Plaintiff and her family: that the Defendants would comply on a continuing basis with those licensure requirements, regulations, laws and professional standards designed to assure the Plaintiff received safe and adequate care; that the Defendants would adequately staff skilled nursing facility and she would enjoy confident and adequately trained employees; that they would provide high quality professional care and would accurately and truthfully document the condition of the Plaintiff and the care rendered to her; and such other particulars as are set forth above in this Complaint or may be shown through discovery or trial;

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

b. Further, at the time of the Plaintiff's admission to care, the Defendants promoted and disseminated the above representations and information which would lead the Plaintiff, her family, and other similarly situated consumers to believe the above representations were true. The Defendants purposefully disseminated such representations and promotions in order to induce the Plaintiff, her family, and others like them into placing herself or her relatives in the exclusive control and custody of the Defendants, and once there, allowing such persons to remain.

c. The Defendants fraudulently concealed their inability to care for the Plaintiff according to acceptable standards required by law and represented by the Defendants, and the representations made were false.

d. The representations made and concealments done by the Defendants were material to the Plaintiff and her family.

e. At the time the Defendants made such representations, they knew such affirmative claims of service were false.

f. The Plaintiff and her family were unaware of the falsity of the representations made by the Defendants.

g. The Plaintiff and her family had a right to rely on the representations and concealments made by the Defendants.

h. As a result of the Defendants' fraud, misrepresentations and concealments and deceptive and unfair representations, the Plaintiff subsequently suffered damages and injuries while a patient/resident at the Defendants' facilities.

62. The Defendants' acts are capable of repetition, and, upon information and belief, have been repeated with other residents.

63. The Defendants' conduct adversely affects the public interest of South Carolina.

64. The Defendants knew or reasonably should have known their conduct violated the Unfair Trade Practices Act.

65. As a direct, foreseeable, and proximate result of Defendants' unfair and deceptive practices, the Plaintiff has suffered an ascertainable loss of money, physical injuries, pain and suffering as previously alleged.

66. The Plaintiff is entitled to recover her actual damages, which amount should be trebled, pursuant to South Carolina law, together with interest and attorneys' fees.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

**FOR A FIFTH CAUSE OF ACTION**
**(Negligence - Wrongful Death)**

67. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

68. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by the Defendants and their agents, servants and/or employees, Susie Leake suffered from severe debilitating injuries which resulted in her death, as a result of which Susie Leake's statutory beneficiaries have lost the aid, comfort, support, society and companionship of the decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which the Plaintiff is entitled to recover on behalf of statutory beneficiaries, actual and punitive damages pursuant to section 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

**FOR A SIXTH CAUSE OF ACTION**
**(Negligence - Survivorship)**

69. The Plaintiff realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

70. Susie Leake's estate, as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendants, has incurred expenses in the form of funeral and burial expenses. The Plaintiff is further informed and does believe that as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendants, as stated, Susie Leake suffered fear, physical pain, and suffering, medical expense and mental and emotional distress and anguish in the time before her death, for which Susie Leake's estate is entitled to an award of actual and punitive damages pursuant to section 15-5-90, Code of Laws of South Carolina (1976) in an amount to be determined by a jury at the trial of this action.

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants for actual damages, punitive damages, special damages and consequential damages, in an amount to be determined by the jury at the trial of this action, fees, the costs and disbursements of this action, and for such other and further relief as this Court deems proper.

**HUGHEY LAW FIRM, LLC**

s/ D. Nathan Hughey
D. Nathan Hughey (SC Bar #68409)
A. Stuart Hudson (SC Bar #71691)
Bradley H. Banyas (SC Bar #101668)
Post Office Box 348
Mount Pleasant, South Carolina 29465
T: (843) 881-8644
F: (888) 884-8311
nate@hugheylawfirm.com
stuart@hugheylawfirm.com
brad@hugheylawfirm.com

Attorneys for Plaintiff

March 23, 2021
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2021 Mar 23 11:52 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

# EXHIBIT A

ELECTRONICALLY FILED - 2020 Dec 22 11:35 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300484

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | |
| Henry Dinkins, Jr. as Personal Representative of the Estate of Susie Leake, | ) | C/A No. |
| Plaintiff, | ) | **AFFIDAVIT OF TABITHA NOLEN, MSN, RN, PCCN, SCRN** |
| Versus | ) | |
| SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, and Millicent Morley, | ) | |
| Defendants. | ) | |

1. My name is Tabitha Nolen, MSN, RN, PCCN, SCRN and I am over the age of eighteen, of sound mind and otherwise competent to make this Affidavit, which I make based upon my background, education, training, and experience. This affidavit is also based upon my own personal knowledge.

2. I am a Registered Nurse, licensed in the State of South Carolina. My further qualifications and background are set forth in the attached CV (Exhibit "A"), which is incorporated by reference.

3. I have actual professional knowledge and experience in my area of practice, Registered Nursing. In addition to the above, I have been in the active practice of the area of Registered Nursing in the State of South Carolina for at least three of the last five years preceding this opinion.

4. I am familiar with the standard of care applicable to the Defendants' during the time of Susie Leake's residency in the Defendants' facility, and the standard of care and skill exercised by reasonably prudent facilities, management companies, operating companies, and other healthcare providers under similar conditions as those involving Susie Leake.

5. I have reviewed records and / or documents relating to Susie Leake from the facilities where Susie Leake was treated. Based on my review of these records, I find that there is at least one deviation from the standard of care on behalf of the Defendants during her residency.

6. Without limitation, my review of records and/or documents relating to Susie Leake show the following:

- Susie Leake was admitted to Sumter East Health and Rehabilitation Center on or about January 12, 2018.
- On or about January 20, 2018, Ms. Leake was allowed to suffer a fall which resulted in injuries, including but not limited to, a fractured fibula.

ELECTRONICALLY FILED - 2020 Dec 22 11:35 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300484

7. In my professional opinion, the Defendants deviated from the standard of care and skill exercised by nurses generally and under similar conditions and like surrounding circumstances as those presented by Susie Leake. In particular, in my opinion, without limitation, the Defendants deviated from the standard of care in the following particulars:

- Failing to properly monitor Susie Leake;
- Failing to appropriately care plan for Susie Leake;
- Failing to prevent falls;
- Failing to place interventions as necessary to prevent Susie Leake from suffering falls;
- Failing to timely address injuries by Susie Leake;
- Failing to properly supervise the nurses, administrators, physicians, and other agents and employees,
- And other particulars.

8. Additionally, it is my opinion that Susie Leake's injuries were proximately caused by the Defendants' deviations.

9. This is not a complete list of all deviations from the standard of care which I have found in reviewing these records. As a result, I reserve the right to modify, change or supplement these opinions in the future.

Tabitha Nolen, MSN, RN, PCCN, SCRN

Tabitha Nolen, MSN, RN, PCCN, SCRN

Sworn to me this 3rd day of November, 2020.

Jennifer Wilson

Notary Public for South Carolina

My commission expires: 4/4/2022

ELECTRONICALLY FILED - 2020 Mar 22 11:55 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300484

Tabitha Nolen, MSN, RN, PCCN, SCRN
139 Balbriggan Drive
Goose Creek, SC 29445
843-478-4265
tabithanolen@gmail.com

**SUMMARY OF QUALIFICATIONS**

- Experience of 15 years as an Excellent Registered Nurse with the last 5 years being quality and management focused roles specific to stroke and neuroscience care.
- Joint Commission Disease Specific Advanced Primary Stroke Center Expert with multiple successful Joint Commission recertification surveys
- Enthusiastic Stroke Education instructor
- Management/Oversight experience with Get With The Guidelines (GWTG) – Stroke Registry
- Management experience with National Surgical Quality Improvement Program (NSQIP)
- Stroke Certified Registered Nurse
- Advanced Stroke Life Support certified
- Program Management experience for a large healthcare system including four hospitals and two free standing emergency departments
- Experience as a Clinical Data Abstractor
- Telemedicine management experience
- Grant Writing experience -Accepted grant proposal for Stroke Nurse Navigator role 2019
- Proficient in leading Root Cause Analysis teams to assist with improving patient safety
- System-wide Team for Organizational Patient Safety (STOPS) team member March 2017-January 2019
- RSFH Clinical Excellence Council Committee member since 2016 – currently co-chair
- Co-Facilitator/Coordinator of South Carolina Stroke Coordinator Alliance Committee
- Department Manager of NeuroDiagnostic Department
- Institute for Healthcare Improvement Open School - Basic Certification
- Progressive Care Certified Nurse
- Permanent Charge Nurse Role for 9 years on Progressive Care - Cardiac Stepdown Unit
- Basic Life Support certified
- EKG telemetry monitoring including 12 &18 lead EKG reading
- Efficient knowledge in healthcare computer systems: Cerner, Epic, Kronos Scheduler, Pyxis, McKesson, HED HSM, Marsh Clear Sight, Care Organizer, Star, Horizon Physician Portal, eClinical Works, HEO, Med Query, Visio and Microsoft Outlook
- Proficient in Excel I, II and III levels including Pivot Tables
- Sound knowledge of working and operating advanced equipment including but not limited to EKG machine, audiometer, spirometer, and pulse oximeter
- In-depth knowledge of the medical terminology, health care treatment and medication policies
- Profound ability of management, critical thinking, and assessment skills

**LICENSES / CERTIFICATIONS**

- Lean Six Sigma Green Belt Certified
- Current South Carolina Registered Nurse (RN) License
- Institute for Healthcare Improvement Open School Basic Certification
- Stroke Certified Registered Nurse (SCRN)
- Advanced Stroke Life Support (ASLS)
- Progressive Care Certified Nurse (PCCN)
- Basic Life Support (BLS)

ELECTRONICALLY FILED - 2020 Dec 22 11:35 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300484

Member of Walden Chapter of The National Society of Leadership and Success
Member of RSFH Clinical Excellence Council – Co-Chair 2019 / Chair 2020
Member of Sigma Theta Tau International Honor Society of Nursing
Member of Alpha Beta Kappa Honor Society
Member of American Association of Neuroscience Nurses
Member of American Association of Critical Care Nurses
Member of American Heart Association/American Stroke Association
Member of AHA/ASA Heart and Stroke Quality Summit Planning Committee 2018 to present
Member of South Carolina Stroke Coordinator Alliance Committee – Co-Facilitator

**PROFESSIONAL EXPERIENCE**
Stroke Program Manager / Neurodiagnostic Department Manager, Roper Saint Francis Healthcare System
Charleston, SC
September 2016-Present

**Duties**

- Responsible for the management and coordination of evidence-based, high quality stroke care in collaboration with medical and clinical staff across the Roper St. Francis Healthcare system which includes four hospitals and two freestanding emergency departments.
- Serves as mentor/educator for units involved in stroke care across the system (including ED, inpatient floors, ICU, rehab) and completes chart reviews to ensure adherence to evidence-based guidelines for stroke care, with coordination of education with health care team. Ensures patient education material meets standards for health literacy and cultural competence.
- Responsible for the management and compliance of The Joint Commission Disease Specific Care Primary Stroke Center certification/designation system wide.
- Maintain knowledge of guidelines from American Stroke Association, Brain Attack Coalition, and Joint Commission (related to Disease-Specific Certification) and plan/implement training and/or education needed to ensure staff and facility compliance with requirements for stroke certification/designation.
- Acts as stroke expert and resource to professional staff at RSFH.
- Oversight of GWTG Stroke Data Registry with data abstraction as needed
- Management of telemedicine services offered to our stroke patients in collaboration with our large academic comprehensive stroke center hospital
- Coordinates a multi-disciplinary approach to stroke care through quality improvement teams and meetings throughout the system.
- Guides and facilitates the development and implementation of stroke protocols, educational activities, and community involvement that perpetuates and strengthens the system's position in the State of SC's stroke system of care.
- Partners with physicians, rehab, nursing, radiology, the Center for Quality, Innovation, and Patient Safety, local and regional EMS providers, and community resources to further the delivery of stroke care within Roper St. Francis Healthcare.
- Ensures staff provides high quality, evidence-based care while maintaining a safe, and patient centered environment.
- Leads a quarterly stroke committee to target performance improvement, stroke program data and regulatory updates.
- Responsible for the management and improvement of clinical outcomes in accordance with current evidence based practice guidelines
- Assists senior leadership to implement patient care improvement strategies.
- Policy and procedure development related to the RSFH System Stroke program to maintain evidenced-based stroke care throughout RSFH facilities.
- Collaborates with medical staff to assure appropriate diagnostic tests and medications are included in patient's plan of care.
- Monitors and performs analysis of facility and aggregated system data related to stroke clinical and process measures.

ELECTRONICALLY FILED - 2021 Mar 22 11:55 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

- Prepares and delivers reports and develops action plans related to the data as needed.
- Lead and coordinate communication and education efforts with external customers, including EMS, local/state/national agencies, and referring facilities on system capabilities related to stroke and efforts to coordinate stroke care and prevention within the system.
- Serves as a scribe for Joint Commission surveys at all RSFH facilities as needed
- Leads and manages the Neurodiagnostic Department/team to ensure that the team is trained, supported, and able to meet deadlines and contribute to success of the department and goals.
- Ensures that all Neurodiagnostic Department manager functions such as hiring, evaluating performance, providing feedback, and addressing disciplinary issues are managed effectively.
- Effectively delegates requests to Neurodiagnostic Department team members.
- Cross trains Neurodiagnostic Department team to ensure that all functions are supported.

Quality Improvement Specialist, Roper Saint Francis Healthcare
Charleston, SC
August 2014-September 2016

**Duties**

- National Surgical Quality Improvement Program Surgical Clinical Reviewer
- Responsible for reviewing patient charts pre-operatively, intra-operatively and post-operatively
- Responsible for measuring and improving clinical outcomes
- Assists management to implement improvement strategies
- Responsible for the promotion of the use of statistical processes
- Interacts continually with clinical and medical staff to provide data and solution development processes
- Assist with Joint Commission preparation with TJC Tracers

Intensive Care Unit Nurse, Roper Saint Francis Healthcare
Charleston, SC
June 2013-May 2017

**Duties**

- Provide excellent service to patients and their families.
- Perform assessments for patients and develop patient specific plan of care.
- Accurately administrate medication and treatments to patients while adhering to policy.
- Assist medical doctors with patient examinations and treatments.
- Educating patients on their illness and medications.
- Responsible to monitoring patients for any change in condition.
- Able to respond to patients experiencing life-threatening emergencies.

Charge Nurse, Preoperative Ambulatory Clinic, Medical University of South Carolina
Charleston, SC
July 2013-June 2014

**Duties**

- Manages the daily operational oversight of the pre-op clinic under general supervision of manager
- Ensures the effective delivery of patient care by providing excellent service to patients and their families
- Consistently models excellence in patient care and contributes to unit leadership
- Interacts with members of the healthcare team to achieve desired results
- Coordinates the daily staff assignment
- Performs daily rounding to ensure the effectiveness of our healthcare delivery and patient satisfaction
- Prepare staff schedule
- Perform assessments for patients and develop patient specific plan of care.

- Assist medical doctors with patient examinations and treatments.
- Educating patients on their illness, medications and preoperative instructions.

Occupational Health Nurse, Boeing Clinic, Roper St Francis Healthcare
North Charleston, SC
July 2011-December 2012

**Duties**

- Provide excellent service to employees and post offer applicants
- Case Manager for employees with workers compensation claims
- Perform assessments for patients and developing patient specific plan of care
- Accurately administrate medication and treatments to patients while adhering to policy
- Injury and Illness Care
- Hearing Conservation Program
- Bloodborne Pathogen Education
- Occupational Physical Examination Program
- Worker's Compensation Case Management
- Drug Free Workplace Program
- Occupational Disability Management
- Return to work evaluations
- Travel Immunizations
- Vision Testing Program
- Health Education

Cardiac Nurse, Progressive Care Unit, Roper Hospital, Charleston, SC
June 2004-Present

**Duties**

- Provide excellent service to patients and their families.
- Perform assessments for patients and develop patient specific plan of care.
- Accurately administrate medication and treatments to patients while adhering to policy.
- Assist medical doctors with patient examinations and treatments.
- Educating patients on their illness and medications.
- Responsible to monitoring patients for any change in condition.
- Able to respond to patients experiencing life-threatening emergencies.
- Clinical Coach to new registered nurse graduates as needed.
- Serves as one of the permanent charge nurses on the 25-bed unit.

**PRECEPTORSHIP EXPERIENCE**

Walden University-MSN Practicum Experience-Specialization Leadership and Management
Associate Senior Nurse Executive
Roper Saint Francis Healthcare
August 2015-November 2015

- Worked with to learn and apply knowledge and skills in a practice setting
- Reports to Senior Nurse Executive
- 368 bed community hospital
- Responsible for 616 FTE's
- Responsible for Operating Budget of $38 million
- Directs and Manages Clinical Outcomes in accordance with current evidence based practice guidelines.

ELECTRONICALLY FILED - 2021 Mar 22 11:35 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300484

ELECTRONICALLY FILED - 2020 Dec 22 11:55 AM - SUMTER - COMMON PLEAS - CASE#2020CP4300164

Kaplan University-BSN Practicum Experience
Clinical Nurse Manager-Neurosurgery Intensive Care Unit
Medical University of South Carolina
December 2013-February 2014

- Worked with to learn and apply knowledge and skills in a practice setting
- 700 bed medical center/teaching hospital
- Responsible for 40 FTE's
- Directs and Manages the operation, marketing, customer service, clinical outcomes and financial responsibilities of the unit
- Responsible for planning, organization, implementation and control of resources needed
- Accountable for the delivery of high quality care of the unit

**EDUCATION**

Master of Science Degree in Nursing, Walden University, 2015
Specializing in Leadership and Management
Graduated with GPA 4.0
Member of Sigma Theta Tau International Honor Society of Nursing

Bachelor of Science Degree of Nursing, Kaplan University, 2014
Graduated with GPA 4.0
Honor Society
Presidents List Award every semester

Associates Degree of Nursing, Trident Technical College, 2004

High School Diploma, Hanahan High School, 1998

ELECTRONICALLY FILED - 2021 Apr 20 9:54 AM - SUMTER - COMMON PLEAS - CASE#2021CP4300484

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF SUMTER ) C/A No. 2021-CP-4300484

Henry Dinkins, Jr. as Personal Representative of the Estate of Susie Leake,

Plaintiff(s),

Versus

SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center, and Millicent Morley,

Defendants.

CERTIFICATE OF SERVICE

I, Justin M. Aubuchon, hereby certify that SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center was served on 4/6/21 through its registered agent with a copy of the Filed Summons & Complaint in regards to the above captioned matter by certified mail as shown by the Domestic Return Receipt attached.

Justin M. Aubuchon

4/19, 2021
Mt. Pleasant, South Carolina

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

9590 9402 6229 0265 1094 80

2. Article Number (Transfer from service label)

7[illegible]

PS Form [illegible]

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [illegible] ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery 4-6-21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

[illegible]rn Receipt